1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

UNITED STATES OF AMERICA,        )
9                                )    1:03-cr-5393-GEB
                 Plaintiff,      )
10                               )
      v.                         )    <u>TRANSMISSION TO PARTIES</u>
11                               )    <u>OF TRIAL DOCUMENT</u>
EUGENE J. KOZIOL,                )
12                               )
                 Defendant.      )
13  _____ )

14          Attached are draft voir dire overview questions and proposed

15  jury instructions.  The reasons for certain revisions to the

16  instructions are discussed below.

17          No instruction has been provided on "aiding and abetting"

18  because the facts in the indictment do not indicate that more than one

19  individual committed the alleged offense.[1]  <u>See</u> <u>Morgan v. United</u>

20  <u>States</u>, 159 F.2d 85, 87 (10th Cir. 1947) ("one cannot aid and abet in

21  the commission of a crime unless there is another who has committed

22  the offense . . . . it is necessary that the indictment name the

23  [other] person or state that his name is unknown"); <u>United States v.</u>

24  <u>Horton</u>, 180 F.2d 427, 432 (7th Cir. 1950); <u>United States v. Shear</u>, 962

25  F.3d 448, 496 n.10 (5th Cir. 1992).

26

27  _____

        [1]     In addition, all references to "aiding and abetting" in the
28  government's Proposed Jury Instruction No. 15 , which is now
    Instruction 14, have been deleted.

                                    1

Defendant requests an instruction defining the term "knowingly." The definition of "knowingly" has been included in Instruction 14 because that instruction requires the government to prove "the defendant knew the claim was false, fictitious, or fraudulent." However, the second sentence of the definition of "knowingly" has not been adopted because it should not be given where an element of the offense requires the government to prove that the defendant knew what he did was unlawful. United States v. Santillan, 243 F.3d 1125, 1129 (9th Cir. 2001).

Defendant requests an instruction on "the good faith defense." However, the instruction defining "knowingly" adequately addresses "the good faith defense" because Defendant did not act knowingly if he acted "through ignorance, mistake, or accident." Accordingly, the instruction has not been included. See United States v. Faust, 850 F.2d 575, 583 (9th Cir. 1988) (holding that a defendant was not entitled to a good faith instruction when another instruction, which required the jury to find that the defendant acted knowingly and willfully, adequately covered the elements of good faith).

Defendant requests an instruction regarding good faith reliance on the "advice of counsel." The instruction has been included because it requires three elements not adequately addressed by the instruction defining "knowingly," specifically, that Defendant (1) made a full disclosure of all material facts to his attorney, (2) received advice as to the specific course of conduct he followed, and (3) relied on the advice in good faith. See United States v. Ibarra-Alcaraz, 830 F.2d 968, 973 (9th Cir. 1987).

The government requests an instruction regarding the "on or about" language in the indictment. A similar description of "on or

about" has been provided in Instruction 14.  In addition,
Instruction 14 has been modified to read "on or about April 12, 2001,"
instead of "on or about the dates alleged in the indictment."  Due to
the revision, the jury will not need to be provided with the
indictment because the relevant date is provided in the text of the
instruction.  Accordingly, the government's proposed instruction that
"the indictment is not evidence" has not been included.

        The government provided authority in its Trial Brief that
defined the term "claim" within the meaning of 18 U.S.C. § 287.  While
the government did not request an instruction as to the meaning of
this term, a definition of the term "claim," consistent with United
States v. Miller, has been included in Instruction 14.  United States
v. Miller, 545 F.2d 1204, 1212 n.10 (9th Cir. 1976) (indicating that a
tax return which seeks a tax refund is a "claim" against the United
States within the meaning of 18 U.S.C. § 287); see also United States
v. McBride, 362 F.3d 360, 369 (citing Miller and indicating that
"[t]ypical § 287 cases in this circuit have involved the filing of a
false tax return seeking an unjustified tax refund") and United States
v. Coachman, 727 F.2d 1293, 1303 n.38 (D.C. Cir. 1984) (citing Miller
with approval).

        Lastly, the government shall provide Courtroom Deputy Clerk
Linda Lucas with a verdict form no later than November 14, 2005.

Dated:  November 9, 2005


                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge